May it please the court, my name is Ryan Ray and I represent the defendant and appellant Jalil Robinson and I'll be asking respectfully to reserve three minutes of my time for rebuttal. This court should reverse Mr. Robinson's convictions and sentence for several grounds set forth in our briefing the most principle of which involve two issues that I would like to spend my time with the court today discussing namely whether 18 U.S.C. section 1591A requires proof of an intended sex act, intended commercial sex act with a minor while that person is in fact a minor and if so whether the government presents evidence of trial that Mr. Robinson had that intent and also the second issue is whether the district court should have presented the question of whether Mr. Robinson was entrapped on the 1591A account to the jury because that was a factual question in this case. There are many federal cases involving undercover law enforcement officers posing online as young women that communicate with men about sex but this case presents a unique factual situation as far as I have seen in the case law which is that the agent here began saying I am over 18 he was on a platform that you had to be 18 to join and the profile created says I am 18 and Mr. Robinson communicated under those auspices for a many many online communications. It was only later that the first course and indicated that that was not the case and that this online persona hadn't quite reached the age of 18. At that point Mr. Robinson says that he expressed his hesitation and he says repeatedly that the prostitution related activities would not occur until the individual had reached the age of 18. So counsel accepting is true your your statement that the government represented that the person he was communicating with was 18 what is what would the result be if your client didn't believe the government's representation and in fact suspected the person was underage all along? That's an interesting question your honor I don't I think that we would look at that objectively and but your honor I would also say that Mr. Robinson testified at trial that he believed this individual was 18 and there were numerous things in the in the online exchanges indicating that he believed this person was 18 and respectfully your honor I'm not I'm not aware of any evidence that he believed the contrary. How about how about his how about his message that you look kind of young might have to see some ID? And I think your honor that's an indication that he wanted to be sure he was communicating with someone who was in fact 18 it's I don't believe it's the it's the contrary and then in addition your honor I would say in any event the what he made clear was that the commercial sex acts would not occur until this individual achieved the age of 18 and so in that is the distinction that matters for our principal issues presented to the court and so the question really does become is how does the court interpret 1615 91a and we respectfully admit that it must be that the defendant intends that the person will be caused to engage in a commercial sex act while the person has not attained the age of 18 and that is true for a number of reasons as this court counsel well that was the government's theory of the case was it not in closing arguments and so on it its position was that defendant was guilty of transporting her arranging for travel and interstate commerce to commit sex acts whilst commercial sex acts while still a minor isn't that right that's correct your honor okay so I'm not quite sure why you're arguing that legal issue the it that for sufficiency of the evidence argument that's correct your honor and this also affects our entrapment position as well because if if the intent was not to engage in the commercial sex act until after the age of 18 and that was mr. Robinson's intent and that's what the statute requires then then there was at least a fact question in this case of whether the conduct of the government affected whether the the position of is this going to happen with a minor and if if that is not if mr. Robinson's intent was all along to wait until the age of majority well he was convicted of respectfully submit your honor requires intent to engage in that conduct while a minor and we believe there was not sufficient evidence of his intent to engage in that conduct with this individual while a minor and that he was that there was a fact question here as to whether he was ensnared into that situation by conduct of the government agent and so that there is both a sufficiency of the evidence issue and there is also an entrapment issue presented and I think both of those respectfully turn on the interpretation of 1591 a that we are advancing and we would respectfully submit that our this was added to the United States Code to criminalize conduct with children that's that is what the statutory title says and and so we respectfully submit that there has to be that level of intent and that the only evidence that the jury could rely on for that is simply speculative and involves the jury just engaging in inference upon inference and let me ask about that wasn't there evidence that he told her she'd have to get a fake ID and he would help her with that I believe that's correct your honor and but evidence isn't it why would he want to do that if he wasn't going to have her engaged in criminal conduct until she was 18 well your honor as the case agent himself conceded there are a number of reasons that people would need identification not beyond engaging in a commercial sex act they can use it to get government benefits they can use it to identify themselves with a number of things in our in our society and that is not we were was there anything to suggest that that was your clients intent the only thing they were talking about was commercial sex acts and your honor respectfully mr. Robinson was making clear that that would happen after she attained the age of majority and in Nevada where frankly that activity is legal at least in some parts of that state why would she why would she need a fake ID because of her age if she was if she was 18 I don't understand that well like I said your honor there could be there could be issues of travel there could be there could be issues did they they when they were in fact discussing travel your honor there's you didn't need to be 18 to get on a bus did she I I don't believe so your honor but I think as an absolute matter but I think certainly that that there could be people inquiring about that there could be people that wanted to see identification frankly law enforcement often wants to and has the right to see identification from people there's a number of reasons and your honor the case agent in this case in fact conceded at the trial that there were a number of reasons that there are permissible and lawful that that that would be the case that may not necessarily be a commercial sex act of any kind mr. ray on the entrapment issue after mr. Robinson learned that Nikki was 17 he continued to recruit her to come to California you would agree with that that that's the evidence of inducement for entrapment it at one point the under the the confidential source said I you know I'm really I'm actually 17 and then mr. Robinson continued repeatedly to make arrangements for her to come to support inducement for entrapment and I would say your honor the inducement issue we have is is is twofold it's the it's the misrepresentation that this person is in fact 18 years of age this court's recognized the misrepresentation in Ortiz in other cases and the cultivation of a friendship on that false premise that this person is in fact a an adult and I and your honor also I must be for but doesn't inducement require showing as some kind of coercion or pressure where's the pressure and and yeah and this person saying you know I know I posted that I'm 18 but actually I'm really 17 how does that put any pressure on mr. Robinson he could have walked away at that point well your honor but he also made clear that the that the commercial sex acts would not take place until this person was 18 and that was the premises well that is that isn't my question I'm just looking for that element of entrapment you seem to be going back to your sufficiency of the evidence argument and in your honor I would say that that this court is recognized that misrepresentations about material facts and this cultivation of a friendship to arrange the circumstances of the crime and this is an infinitely more serious crime there was someone in this judicial district that was around the same time that was sentenced to one year in prison for communicating with someone that was 18 so this change in age is is the is government creation of a much more serious offense under these one last one last entrapment question if I understand your argument at least one of your arguments it's that the district court and in declining to give the instruction you did not view the evidence in light most favorable to the defendant what what specific evidence on entrapment do you think the district court viewed incorrectly is rejecting mr. Robinson's testimony that that he that he lacked the intent to engage in the conduct required by 1591 is properly properly construed it's really his testimony about what the circumstances are and what that what the his meaning and intent in these communications was it's an example just what what what's your best example of his testimony that that clearly there were not a number of occasions I did not intend any prostitution to be taking place words yes he did your honor in his testimony he did in fact use that that that is that cited in our brief your honor it is and I would respect the request to reserve the remainder of my time if I could yes counsel to grow please may please the court Bishop grew well on behalf of the United States I think I'll briefly address the entrapment issue and then probably spend the majority of my time discussing the sufficiency issue on the entrapment issue judge Matheson there isn't any evidence of inducement because inducement does require some sort of pressure yes false representations building a friendship can be the basis for creating that inducement but then you have to be coaxing them or goading them or putting some sort of pressure on them and I think the case law is clear about that otherwise anytime we have an agent go undercover in a drug operation or anything like that there'd be an entrapment instruction and that's not the case what we have to have is some evidence that the government was using either that friendship relationship or the false best representation to create pressure on the defendant that would overcome a law-abiding citizens will when it comes to actually causing a crime and if you look at the conversations between them there's no pressure on either the interstate commerce element that he raises or the age element interstate commerce right at the beginning of the conversation he is the one who's talking about love will travel state to state doing this business and then when she starts talking about well yeah I'd like to get out of Colorado she's not pressuring him to get her all out of Colorado she's just going along with the plan that he's already set forth when it comes to the age yes there was a misrepresentation about her age because only someone 18 year older can get on the website the agent here didn't directly say I'm 18 to mr. Robinson that was simply on the profile and then the second there's an opportunity to talk about age in a normal context he says he's 17 right from there and there's no hesitation from mr. Robinson at that point in fact within an hour is about when he's raising this point about if well they're gonna need to get her a fake identification and so I think there's element I can talk about the predisposition but I think because there's nothing on the inducement I don't think I need to discuss that unless the court has questions about it I would then turn to the sufficiency of the evidence issue and I would note that first you don't need to go to the government statutory interpretation argument because I think there is sufficient factual evidence even under mr. Robinson's theory of the case here you've been over his theory that we had to somehow show that he knew a there are four categories of evidence that support that first of all we've got his statements between him and Nikki on the text messages and the phone conversations and I will discuss those but we also have the age deception category this is includes the fake ID his comments that they needed to be hella discreet to watch out for her nosy relatives and nosy Greyhound and then we have the case agents testimony agent speedy who testifies that in his experience whenever somebody is trafficking minors and bringing them across state lines they don't wait for them to mature for the sex acts and that experience is certainly something that can be looked at and then the government's case here yes the theory below was this theory that goes with his interpretation of the statute and he testified himself getting up there and saying no I didn't plan to do this well the jury didn't believe him and and you well that credibility determination can't be the sole basis for sufficiency of the evidence it's certainly something you can mix in there I want to turn back to those statements because there are a couple more of them that went to this first of all this is page supplemental volume 1 pages 91 92 and 93 first of all she says that she doesn't want to send him naked pictures and he said he responds once we're together there's going to be more than just taking pics suggesting that there would be underage sex and a few minutes later on 92 and 93 she's talking about concerns about friends who've gotten in trouble or she's heard about people getting in trouble for sending child pornography and his response is that child pornography is going to be minor compared to what they're doing well a jury could infer from that that what was going to make child child pornography minor it was something much much more illegal and that would be underage sex and finally we had his testimony that he was going to make her perfection and as our expert pointed out here you can't become perfection at being a prostitute without practicing that ahead of time so I think when you take all of those things together we had sufficient evidence that a jury could infer that he was going to prostitute her before she turned 18 yes there could be other legitimate reasons or perhaps other illegitimate reasons for getting a fake identification but as you point out judge hearts this was all in the context about them starting a commercial sex operation together and so a jury could it's fair for a reasonable jury to infer that that was the reason that they needed to get a fake identification could the jury of concluded based on their own experience and the officers testimonies that that someone in mr. Robinson's position isn't going to pay for a minor to move and live with them for six months and not engage them in prostitution I think they certainly could hear when when you also have his testimony where on cross-examination he had no explanation about how he was going to cover her shelter or the like during that interim time and so I think the jury could certainly draw that from that and they could drive from the fact that you know he's spending two hundred some dollars on a bus ticket to bring that bring her out there so I think those are other facts that can be considered and inferences drawn for the jury judge hearts did you have a question I'm curious about your alternative theory that was not argued to the jury was it it was not but the United States vs. Masaccio opinion from the United States Supreme Court says when we're dealing with sufficiency of the evidence we're not concerned about the jury instructions in the theory we're concerned about what the law requires well then you've required us to decide whether your alternative theory is correct because if it's incorrect we have to reverse because you've just said the jury could have convicted on that theory and if the jury could have convicted on that theory and that theory is illegitimate we don't know whether the jury convicted on that theory and we I don't think so your honor because the question is could a reasonable jury conclude that and it's not did this jury concluded it's based on the facts did this jury concluded and so if you disagree with our interpretation and you say his interpretation is right then you certainly can look at look at the look at those facts and if you find that our interpretation is right then you can look at the facts that show that in fact he admitted on the stand if two theories are presented to the jury and there's sufficient evidence of both and the jury convicts but one of the theories is illegitimate I think this the precedent says we have to reverse I thought it was kind of strange that you would present this argument that could require reversal when there's clearly sufficient evidence under the theory that was presented to the jury I don't think that's correct your honor because there's sufficient and been at the very least there's sufficient evidence under both theories here there isn't there is an ill yeah I'm assuming there's sufficient evidence under both theories and and and only oh go ahead but only one theory was presented to them to the jury you're trying to have it both ways no but if the jury could have if the jury could recently have convicted on on both theories and one is one theory doesn't isn't supported by sufficient evidence then we assume that the jury convicted on the other but if we have a one of the theories illegitimate not lawful not a proper interpretation of the statute and then we have to reverse and you're saying well the jury we know that the jury didn't convict on this having to say but you're also arguing the opposite of that I don't think that's correct your honor if the illegitimate theory actually requires more than the legitimate theory we hear the illegitimate theory requires less well the element the illegit I guess I'm not which one would you think is the illegitimate theory your honor right I mean that's kind of the question and I think the only the only one that's in question where the legitimacy is in is your new theory that it would violate the statute for him to arrange for her transportation when she's a minor even though she won't engage in commercial sex until she's reached 18 that's really if our if our new theory is illegitimate that if our new theory is the one that the sex act doesn't have to occur until thereafter 18 is wrong that means we have to have a sex act before 18 that's the theory that was presented to the jury and that they convicted on and so and in this case that actually requires more because it would require that she be underage before the age of 18 so I don't think the way you're presenting it that that's the one that you would be calling the illegitimate theory and if it's the reverse if in fact our theory about the statute is the correct theory and it was simply wasn't presented we have an admission from him on the stand that that's the correct theory and under Masaccio you would then consider that theory and we you go with our admission but if under Masaccio you think our other ones wrong you think that that one is correct and the theory that you had to have less here you had to have him convicted before he's 18 is the wrong one that requires more and there was more here and that was the theory presented to the jury so I I guess I would respectfully disagree with with how the analysis works in this case well we can we can chew on that later let me ask you about your evidentiary issue you said you mentioned the expert testimony that the officer had never known of anyone engaged in this profession who had taken on a girl under 18 and then kept her from engaging in commercial sex until she was 18 and that strikes me as very questionable expert testimony you're you're you're saying that in his in his opinion these people didn't have that intent and therefore the defendant here didn't have that intent and I suspect the next time he's called as a witness he'll say the same thing because he didn't believe mr. Robinson had that your honor that isn't actually brought up here he had jet he objects to agent tag amends testimony here he doesn't inject anywhere even in his appeal brief to agent Stevie's testimony that testimony occurs at volume 648 2489 that issue simply isn't in the briefing when it comes to that particular testimony he has waived any issue regarding that particular thing and because he didn't object to it below he would have to argue plain error about it but given that he hasn't even raised it at all I guess that would be a double waiver of that particular issue I'm concerned that you rely on it are you are you conceding that that was improper testimony the testimony about his experience I was asking whether you ever familiar with any authority allowing that sort of testimony I don't think that it's improper testimony here I'm not sure which case I would need I can certainly try to find a 28 J on that given that he didn't raise it with respect to that particular testimony I didn't pull a case for that but the notion that an officer can testify about his experience that you know if he's done numerous of these particular trafficking operations and every time or the vast majority of the time I think here he says he hasn't had one where it didn't occur where they're trafficking them right away that I think that is proper experience testimony especially he's not testifying about necessarily the defendants mindset when he says that he's testifying about how he experiences things coming across he's saying no one else has had that mindset and you're suggesting we just therefore draw the inference that mr. Robinson didn't have that mindset that that strikes me as and you certainly don't need that testimony for the sufficiency to hold given given that you have the numerous statements between Nikki and mr. Robinson given the on the stand against the government's theory and the jury not finding him credible so you certainly don't have to rely on that for sufficiency of the evidence but to the extent that that particular expert is real yes you mentioned investigator is it tangible is that how you pronounce it he's the he's the expert and he was a case agent I understand and and the issue that was an expert testimony together that's that's the objection do you agree that that that could have been confusing to the jury I do your honor and and jury or jury instructions enough to guard against that confusion I I think they are your honor I think we regularly can we figure that jury's follow their instructions and all the case law that he cites are talking about jury instructions to fix that problem and the jury instructions here actually went further than was required given that we're on plane dump some aren't there aren't there some courts that are now calling for some kind of bifurcation of the presentation between fact and expert testimony there was some case law suggesting that might be a proper way to do it this court has said you know we're not we're look at that on a case-by-case basis but it's certainly for plain error would require them to have raised that objection and then and and then get plainer that way and there's no case law requiring it here or suggesting that a judge needs to sue a sponte say okay we're gonna bifurcate this now that this testimony is going on here what judge brimmer did was he said okay here's the stuff that's opinion testimony all the rest is fact testimony and and he cleared that up for the for the jury and told them how they could use the opinion testimony I'm just I was answering your response because we seem to be we're seeing this issue more often these days the this interspersing of testimony from the investigator in a criminal case and best practices might be well to try and separate the two more in the testimonial process your honor unless the court has further questions I see that I'm out of time Thank You counsel mr. a you have a respect and invite the court to examine the wind case that we cited I know and I think both parties did in our reply brief and what the court there what was justified in entrapment instruction it wasn't it wasn't a lot and I also your your honor judge Matheson I I would invite the court to look at pay the that that that would support his his views about what was going to happen and what was was going to be his intent regarding age and I would array I I was I was confusing this test I think I was had in mind not so much as testimony at trial but did he say something during any of these exchanges with the that that was not his 10th intent may I respond your honor I do see I'm out of time I do believe your honor that in our briefing that we have set that out that that that there were statements in the in the in the underlying text messages or social media messages as they may be in which he made that clear further question judge Matheson not nothing further for me Carson no thank you thank you counsel cases submitted mr. a you're excused